UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD MICHAEL PORTER,

    Plaintiff,

v.

Case No. 2:14-cv-255
HON. GORDON J. QUIST

ANN BARSCH, et al.,

    Defendants.

_____/

REPORT AND RECOMMENDATION

Plaintiff Todd Michael Porter, an inmate currently confined at the Oxford Federal Correctional Institution, in Oxford, Wisconsin filed this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Ann Barsch, Victoria Hood, Denise Gerth, Linda Maki and Janice Yoak for alleged constitutional violations that occurred while Plaintiff was incarcerated in the Alger Correctional Facility. Plaintiff alleges, in his complaint, a denial of access to the courts, a denial of the right to correspond by mail, and retaliation.

Defendants filed a motion to dismiss for lack of prosecution (ECF No. 16) and Plaintiff filed a "Motion for Court Appointment of Counsel or in the alternative Motion for Stay of all Proceedings" (ECF No. 18).

Defendants argue that Plaintiff is on parole and that he failed to inform the Court of his current address. In Plaintiff's motion, he explains that he was paroled from the Michigan Department of Corrections on August 12, 2015, and forced to mail his legal materials outside the prison. Plaintiff was taken into custody by the United States Bureau of Prisons on that same date. Plaintiff indicates that he received the Case Management Order, dated September 3, 2015, on

November 15, 2015.  Plaintiff requests appointment of counsel.  Alternatively, Plaintiff requests a stay until at least June 1, 2016, because he does not have current access to his legal materials and he is unable to make any kind of response.

In the opinion of the undersigned, dismissal for want of prosecution is not appropriate at this time.  Plaintiff has apprised the Court of his current address, and he has indicated that he did not receive the Case Management Order until after Defendants filed their motion to dismiss.  It is Plaintiff's obligation to keep the Court and opposing counsel up to date on the location of where he is currently being housed.  In the opinion of the undersigned, a stay of proceedings is not appropriate at this time.  The factual circumstances of this case are not so complex that Plaintiff cannot litigate this case without access to his "legal materials."  Plaintiff has not explained why his "legal materials" are important to this case.  Similarly, this case is not so complex that Plaintiff needs representation to litigate his claims.

Indigent parties in civil cases have no constitutional right to a court-appointed attorney.  *Abdur-Rahman v. Michigan Dep't of Corr.*, 65 F.3d 489, 492 (6th Cir. 1995); *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).  The Court may, however, request an attorney to serve as counsel, in the Court's discretion. *Abdur-Rahman*, 65 F.3d at 492; *Lavado*, 992 F.2d at 604-05; *see Mallard v. U.S. District Court*, 490 U.S. 296 (1989).

Appointment of counsel is a privilege that is justified only in exceptional circumstances.  In determining whether to exercise its discretion, the Court should consider the complexity of the issues, the procedural posture of the case, and Plaintiff's apparent ability to prosecute the action without the help of counsel.  *See Lavado*, 992 F.2d at 606.  In the opinion of the undersigned, at this stage of the case, the assistance of counsel does not appear necessary to the proper presentation of Plaintiff's position.

- 3 -

Accordingly, it is recommended that Defendants' Motion to Dismiss for Want of Prosecution (ECF No. 16) be DENIED, and that Plaintiff's Motion for Court Appointment of Counsel or in the alternative Motion for Stay of all Proceedings (ECF No. 18) be DENIED.

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated: March 25, 2016

    /s/ TIMOTHY P. GREELEY
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE