UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

TODD MICHAEL PORTER,

    Plaintiff,

v.                                                              Case No. 2:14-cv-255

ANN BARSCH, et al.,                            HON. GORDON J. QUIST

    Defendant.
_____/

**ORDER ADOPTING
REPORT AND RECOMMENDATION AND
DENYING PLAINTIFF'S APPEAL OF MAGISTRATE JUDGE ORDER**

      Plaintiff, Todd Porter, brought a civil rights action pursuant to 42 U.S.C. § 1983 against former Alger Correctional Facility librarian Janice Yoak, arguing that she violated his right of access to the courts and retaliated against him when she refused to provide Plaintiff true copies of a complaint that he filed in Ingham County Circuit Court challenging his misconduct conviction for possession of a weapon. On August 31, 2017, Magistrate Judge Greeley entered an order denying Plaintiff's motion to substitute a defendant party. Magistrate Judge Greeley also issued a Report and Recommendation (R & R) on September 5, 2017, recommending that the Court deny Plaintiff's motion for partial summary judgment and grant Defendant's motion for summary judgment. Plaintiff has filed an appeal to Magistrate Judge Greeley's August, 31, 2017 order. In addition, Plaintiff objected to the R & R on September, 26, 2017, (ECF No. 78), after being granted an extension; Defendant responded to the objection on October 10, 2017. (ECF No. 79.)

**Objection to the R & R**

The magistrate judge concluded that Plaintiff's claims fail because they are barred by the Eleventh Amendment; injunctive relief is moot; and there was not a genuine issue of material fact as to Defendant Yoak's qualified immunity. The magistrate judge further discerned that there was no good-faith basis for an appeal of the R & R if the Court adopts it.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, Plaintiff's objections, Defendant's response, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Plaintiff's objection states that the R & R "handles the substantive question (and the extensive facts of the case) with short thrift [sic], misconstrues or ignores key evidence and argument, and reaches the wrong conclusion with improper analysis," insisting that the question of whether a constitutional violation occurred be answered "before we can get to whether remedies are precluded or an affirmative defense exists." (ECF No. 78 at PageID.892.)

The Court finds no basis in these statements. The R & R consistently applies controlling law to the facts of the case. Redressability, i.e. the remedies question, is a core element of standing and is not a "mere pleading requirement[] but rather an indispensable part of the plaintiff's case." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 2136 (1992). Accordingly, it is fundamental civil procedure that, in Plaintiff's words, "we [] get to whether remedies are precluded or an affirmative defense exists" now.

Plaintiff failed to object to the R & R's conclusion that his claims against Defendant in her official capacity are barred by the Eleventh Amendment. Review of this question is therefore deemed waived. *See, e.g.*, *Thrower v. Montgomery*, 50 F. App'x 262, 263-64 (6th Cir. 2002).

As Defendant noted in her response, Plaintiff misapplied *Lewis v. Casey* by arguing that it established that Plaintiff suffered an actual injury; the citation does not address the metes and bounds of an access-to-courts claim and its accompanying injury. 518 U.S. 343, 353 n.3, 116 S.Ct. 2174, 2181 n.3 (1996). Plaintiff failed to address the R & R's conclusion that access-to-courts claims are limited to direct and collateral attacks on criminal sentences and lawsuits challenging conditions of confinement and that, therefore, Plaintiff failed to allege a violation of a clearly established right to overcome Defendant's qualified immunity. (ECF No. 74 at PageID. 870-72 (citing *Lewis*, 518 U.S. at 353-55, 116 S.Ct. at 2181-82; *Thaddeus-X v. Blatter*, 175 F.3d 378, 391 (6th Cir. 1999) (en banc).) Plaintiff fails to cite any controlling law directly on point to demonstrate a violation of a clearly established right. Plaintiff asserted that the magistrate judge "was even more confused in thinking this was an 'unlimited copies' case rather than a 'basic supplies' case." (ECF No. 78 at PageID.901.) Despite Plaintiff's use of quotation marks, the magistrate judge never discussed "unlimited copies."[1] Plaintiff fails to distinguish the cases cited and discussed in the R & R.

The R & R provides a well-reasoned and well-supported basis for determining that Defendant reasonably believed that the action she took was justified. (ECF No. 74 at PageID.873-76.) Plaintiff's only persuasive counter to these conclusions is that he could not have used the money from his commissary account to make the copies he sought; if this is indeed accurate, the

---

[1] The magistrate judge stated that prisoners are not entitled to "free access to photocopying machinery." (ECF No. 74 at PageID.872.)

3

R & R listed a number of other bases that could have led Defendant to reasonably believe her actions were justified, unrelated to the financial issue. (*Id.* at 875-76.) This issue is not dispositive.

Plaintiff disagrees with the R & R's statement that "his pleadings are subject to less stringent standards than those prepared by attorneys." (*Id.*) (citing *Estelle v. Gamble*, 429 U.S. 97, 97 S.Ct. 285 (1979); *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct.594 (1972)). Plaintiff states that "the federal magistrate forgets Plaintiff was operating in the underlying case in the Michigan court system, not federal," and that under Michigan law, a *pro se* litigant is held to the same standard as a licensed attorney. (ECF No. 78 at PageID.905) (citing *Baird v. Baird*, 368 Mich. 536, 539, 118 N.W. 2d 427, 428 (1962)). Regardless of whether the magistrate judge "forgot" the issue was before the Michigan courts, the R & R was correct in applying *Estelle* and *Gamble*. Plaintiff misstates the *Baird* holding, expanding what was a narrow holding into a broad one.[2] In fact, Michigan courts have repeatedly applied the *Estelle* and *Haines* holding that *pro se* litigants are held to less stringent standards. *See, e.g.*, *People v. Herrera*, 204 Mich. App. 333, 339, 514 N.W. 2d 543, 546 (1994); *Brock v. Winding Creek Homeowners Ass'n*, No. 328848, 2017 WL 1488994, at *2 (Mich. Ct. App. Apr. 25, 2017) ("a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," (quoting *Estelle*, 429 U.S. at 106, 197 S.Ct. at 292) (internal quotations omitted)); *LaCoss v. Birkett*, No. 207666, 2000 WL 33423175, at *2 (Mich. Ct. App. Apr. 21, 2000).

Plaintiff objects to the R & R's conclusion that the injunctive relief Plaintiff seeks is moot. As noted by the Defendant, Plaintiff does not rely on nor address the correct standard. Injunctive

---

[2] "This is not a case where, because of lack of means, the defendant was unable to secure legal counsel. Defendant dismissed his counsel and elected to appear in person. The court having warned him that he should secure counsel, properly held the defendant to the same standard in the presentation of his case as would be required of a member of the bar." *Baird*, 368 Mich. at 539, 118 N.W. 3d at 428. The facts in *Baird* leading to this conclusion are not present in the instant case.

4

relief is "unavailable absent a showing of irreparable injury, a requirement that cannot be met where there is no showing of any real or immediate threat that the plaintiff will be wronged again— a likelihood of substantial and immediate irreparable injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111, 103 S. Ct. 1660, 1670 (1983) (internal quotation marks omitted) (finding that the "speculative nature" of the claims at issue precluded equitable relief). Plaintiff is no longer incarcerated, and Defendant Yoak has retired. However, Plaintiff argues that "Plaintiff's hypothetically [sic] assertion that he may commit a crime in the future and be housed at the Alger Correctional Facility when Defendant Yoak returns to service from retirement shows lack of impossibility of reoccurrence." (ECF No. 78 at PageID.907.) Although Plaintiff is correct that such a wild series of events is not impossible, that is not the standard and does not begin to scratch the surface of the *Lyons* likelihood standard.

Plaintiff's final objections to the R & R focus on his retaliation claim. The R & R concluded that Plaintiff could not meet his requisite burden and cannot establish a genuine issue of material fact to defeat summary judgment. (ECF No. 74 at PageID.877.) As discussed, Defendant acted reasonably, and her actions could not be described as "adverse."

Plaintiff repeatedly argues that the warden issued a "command" that a copy be made for Plaintiff, based on a quote from his two grievances that Plaintiff "should resubmit [his] request for one copy . . . and that one copy will be made." (ECF No. 78 at PageID.909. However, Plaintiff conveniently omits the noun in the quoted passage, which begins "[*l*]*ibrary staff have indicated that you should resubmit your request* . . ." (ECF No. 59-23 at PageID.458) (emphasis added). The "library staff indicated," *not* "the warden commands." The warden's signature does not change which actor indicated that Plaintiff should resubmit his request. This was a statement of what the library staff, i.e. Defendant, sought in responding to Plaintiff's grievances. Later, when

5

Plaintiff did resubmit his request, Defendant denied it because of "inadequate funds, and does not qualify for a legal photocopy loan." (ECF No. 59-26 at PageID.464.) Plaintiff, despite Federal Rule of Civil Procedure 11(b)(3)'s requirement of candor, entirely misrepresents Defendant's deposition testimony, in fact stating quite the opposite of what Defendant actually said[3], in an effort to prove adverse action and retaliation.[4]

Plaintiff asserts that "unlike the federal magistrate's conclusions, the causal connection is clear." (ECF No. 78 at PageID.910.) The Court disagrees. Plaintiff alleges that the grievance he filed against Defendant likely embarrassed her to the point that she refused to make the copy he requested. (*Id.* at 910-11.) Plaintiff filed his grievance after Defendant's first refusal to provide copies; Defendant's response to the second copy request was entirely consistent with her first response. Plaintiff has not shown that the grievance caused Defendant to make the same decision that she did the first time. Therefore, Plaintiff fails to meet the requisite burden for two of the three elements required to establish a Fourth Amendment claim.

## Appeal of August 31, 2017 Order

The Court's adoption of the R & R moots Plaintiff's pending appeal of the magistrate judge's order denying Plaintiff's motion to substitute a party. (ECF No. 73.) Regardless, the magistrate judge's order was not clearly erroneous because a claim against the State of Michigan

---

[3] Plaintiff states, "Defendant Yoak testified at her deposition she *never* would have made Plaintiff Porter his needed copies, regardless of the circumstances," citing pages 81-83 of Defendant's deposition. (ECF No. 78 at PageID.910.) In fact, Defendant said she would "Not necessarily [fulfill a court order for a prisoner to make another copy]" if she had already made the needed copies. Plaintiff's counsel then asked Defendant if there had been a prison riot and the copies had been destroyed, an entirely hypothetical scenario, whether she would have made copies. Plaintiff answered that she would need to speak to a superior to determine if that were appropriate, because "I would have to know whether that truly happened." (ECF No. 59-39 at PageID.596-97.) Defendant couched her answers to Plaintiff's counsel's questions with specific conditions, not with the absolutism that Plaintiff alleges.

[4] Ironically, Plaintiff alleges that the R & R was "seemingly drafted without reviewing Plaintiff's proffered evidence."

6

is barred by the Eleventh Amendment, qualified immunity applies to Defendant's actions, and his claim for injunctive relief does not meet the *Lyons* standard.

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation issued August 18, 2017 (ECF No. 74) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Plaintiff's Objection (ECF No. 78) is **OVERRULLED**.

**IT IS FURTHER ORDERED** that Plaintiff's appeal of the magistrate's order denying Plaintiff's motion to substitute a party is **DENIED** as moot.

A separate judgment will issue.


Dated: November 3, 2017                                /s/ Gordon J. Quist
                                                          GORDON J. QUIST
                                                   UNITED STATES DISTRICT JUDGE